

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, <br>    Plaintiff, <br><br> vs. <br><br> VULCAN MATERIALS COMPANY; VULCAN CONSTRUCTION MATERIALS, LLC; LEGACY VULCAN, LLC; and VULCAN LANDS, INC, <br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-2168-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION**

In its amended complaint, Plaintiff Norfolk Southern Railway Company (Norfolk Southern) asserts state law causes of action for negligence, negligence *per se*, statutory strict liability under S.C. Code Ann. § 49-11-10, common law strict liability, nuisance, and trespass against Defendants Vulcan Materials Company (Vulcan Materials), Vulcan Construction Materials, LLC (VCM), Legacy Vulcan, LLC (Legacy Vulcan), and Vulcan Lands, LLC (Vulcan Lands) (collectively, Defendants). This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court are Defendants' motion to dismiss Vulcan Materials for lack of personal jurisdiction and motion to dismiss Norfolk Southern's negligence *per se*, statutory strict liability, common law strict liability, nuisance, and trespass causes of action for failure to state a

claim.  Having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court both motions will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Norfolk Southern operates railway lines in South Carolina, including a railroad bridge (the bridge) that runs to the northwest of Columbia, South Carolina.  The bridge crosses Nipper Creek about 330 feet upstream of Nipper Creek's confluence with Broad River, and is located downstream of Defendants' Dreyfus Quarry.

Norfolk Southern alleges that in 2020, a wall (the wall) surrounding an open pit surface mine (the Old Quarry Pit) at the Dreyfus Quarry, which was owned, controlled, and operated by Defendants, collapsed after a foreseeable amount of rainfall led to rising water levels in Nipper Creek and Broad River.  This caused adverse hydrologic conditions that led to the destruction of the bridge.

Norfolk Southern alleges Defendants failed to hire an engineer to design or test the wall prior to construction.  It also contends Defendants allowed water to collect in the Old Quarry Pit.  It insists Defendants knew or should have known the wall was too unstable for such collection.

After Norfolk Southern filed its amended complaint, Defendants filed its motions to dismiss.  Norfolk Southern responded and Defendants replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### *A.   Standard of Review*

A defendant may bring a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Courts must make a separate personal jurisdiction determination as to each defendant who raises the issue. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Once a defendant makes such a motion, the plaintiff bears the burden of establishing personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 267–68 (4th Cir. 2016). When the Court evaluates personal jurisdiction based solely upon the motion papers, affidavits, memoranda, and complaint, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion to dismiss. *Id.* at 268.

The Court, in such an analysis, must take the relevant allegations and evidence in the light most favorable to the plaintiff. *Id.* at 268.

Personal jurisdiction over an out-of-state defendant may be either general or specific. "[A] court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of 'continuous and systematic' activities in the forum state" than what is required to establish specific jurisdiction. *Tire Engineering and Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 301 (4th Cir. 2012). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotation marks omitted) (internal alterations omitted).

On the other hand, as to specific jurisdiction, the Court must perform a two-step analysis. The Court must first determine whether the forum state—here, South Carolina—long-arm statute provides a basis for asserting jurisdiction over the defendant. *Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997). Then, the Court must determine that the exercise of personal jurisdiction does not

3

violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id*.

South Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted).

To evaluate the due process requirements for asserting personal jurisdiction, the Fourth Circuit has established a three-part test in which courts consider the following: (1) the extent to which the defendant purposefully availed himself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities directed at the forum state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citation omitted).

### B.     Discussion and Analysis

Because neither Vulcan Materials's place of incorporation nor principal place of business are in South Carolina, the parties agree the Court is unable to exercise general personal jurisdiction. The Court thus focuses its analysis on whether specific personal jurisdiction exists in this case.

> ### 1.     *Whether Vulcan Materials purposefully availed itself of the privilege of conducting activities in South Carolina; and whether Norfolk Southern's claims arise out of those activities*

Defendants insist Norfolk Southern's claims failed to arise out of any contacts Vulcan Materials had with South Carolina. Norfolk Southern maintains Vulcan Materials conducted business in the state that gave rise to its claims.

4

For ease of analysis, the Court considers the first and second parts of the Fourth Circuit's test—the extent to which Vulcan Materials purposefully availed itself of the privilege of conducting activities in the forum state and whether the Norfolk Southern's claims arise out of those activities directed at the forum state—contemporaneously in this section.

Under the minimum contacts standard, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  In other words, a defendant has minimum contacts with a jurisdiction sufficient to subject it to specific jurisdiction in the forum state if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Norfolk Southern submits evidence that Vulcan Materials maintains a South Carolina address.  Communications with the South Carolina Department of Health and Environmental Control (DHEC) about the incidents that give rise to this case bore Vulcan Materials letterhead and its South Carolina address.  Moreover, signage at the Dreyfus Quarry also prominently features Vulcan Materials's logo.

Defendants argue Vulcan Materials is merely a holding company and trade name, and that its name is used on letterhead and signage of its related entities to "provide[] a cohesive image for advertising purposes[.]"  Reply at 2.  They maintain Vulcan Materials remained uninvolved with the operation, management, and oversight of Dreyfus Quarry.  It points out, for example, that although the communications with DHEC bore Vulcan Materials letterhead, the subject line read "Vulcan Construction Materials, LLC Dreyfus Flood of February 9, 2020[.]"  DHEC Letter at 1.

In short, Defendants argue Vulcan Materials failed to do what Norfolk Southern alleges it did.  If Vulcan Materials was uninvolved and merely a trade name, as Defendants claim, then it

5

will escape liability in this case. But, if Vulcan Materials was, in fact, involved, they necessarily directed their actions toward South Carolina. Given the evidence presented and the allegations in the amended complaint, Norfolk Southern has made a prima facie showing of minimum contacts with South Carolina sufficient for this stage of the case.

Therefore, the first two elements of the Fourth Circuit's test are met here. The Court must next consider whether the exercise of jurisdiction in this case "would comport with 'fair play and substantial justice'" such that it is constitutionally reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

### 2.     *Whether jurisdiction is constitutionally reasonable*

Defendants fail to directly address constitutional reasonableness. Norfolk Southern maintains personal jurisdiction over Vulcan Materials is constitutionally reasonable because it fails to create an undue burden and South Carolina has an interest in the suit being litigated in this state.

In determining whether the exercise of jurisdiction is constitutionally reasonable, the Court evaluates

> [1] the burden on the defendant, [2] the forum State's interest in adjudicating the dispute, [3] the plaintiff's interest in obtaining convenient and effective relief, [4] the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and [5] the shared interest of the several States in furthering fundamental substantive social policies.

*Christian Science Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir. 2001) (quoting *Burger King*, 471 U.S. at 477).

After reviewing these factors, the Court finds that exercising specific personal jurisdiction fails to violate Vulcan Materials's due process rights.

First, the burden on Vulcan Materials of litigating in South Carolina is minimal. All Defendants, for example, are represented by the same attorneys, who are all located in South Carolina. Second, South Carolina has an interest in protecting the rights of those conducting

6

business in the state and discouraging future violations. Third, Norfolk Southern has a strong interest in obtaining convenient relief in a common, accessible forum.

Fourth, there is an interstate interest in obtaining efficient resolution in a single forum, and litigating this case in South Carolina is in the interests of judicial economy. The other Defendants have failed to object to jurisdiction in this state. Fifth and finally, South Carolina has a substantial interest in cooperating with other states to provide a forum for efficiently litigating Norfolk Southern's cause of action to further fundamental substantive social policies.

Accordingly, the Court holds it is constitutionally reasonable to exercise personal jurisdiction over Vulcan Materials and will deny the motion to dismiss on that ground.

## IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.     *Standard of Review*

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 243.

### B.     Discussion and Analysis

Defendants maintain Norfolk Southern has failed to state a claim as to its negligence *per se*, statutory strict liability, common law strict liability, nuisance, and trespass causes of action. Their motion is silent as to Norfolk Southern's negligence cause of action, so the Court refrains from discussing that claim.

#### 1.     Whether Norfolk Southern has stated a claim as to negligence **per se**

Defendants contend Norfolk Southern failed to state a claim as to negligence *per se* because it has failed to identify a statute or regulation that creates a duty giving rise to the cause of action. Norfolk Southern insists several statutes and regulations can serve as the basis for its negligence *per se* cause of action because it is of the class they are meant to protect, and the harm alleged in this case is the type of harm the statutes aim to prevent.

To maintain a cause of action based upon negligence per se, a plaintiff must show that the particular "statute can establish a duty to plaintiff;" that the defendant breached that duty by "violation of the statute;" and that the violation was the "proximate cause of the injury." *Whitlaw v. Kroger Co.*, 410 S.E.2d 251, 252–53 (S.C. 1991).

A statute or regulation creates the requisite duty of care if "(1) . . . the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) [the plaintiff] is a member of the class of persons the statute is intended to protect." *Rayfield v. S.C. Dep't of Corrs.*, 374 S.E.2d 910, 914 (S.C Ct. App. 1988), *cert. denied*, 379 S.E.2d 133 (S.C. 1989).

Moreover, a statute must permit a private right of action to support a civil suit. *Doe v. Marion*, 645 S.E.2d 245, 248 (S.C. 2007). The "main factor" in this determination is legislative intent. *Id.* When considering South Carolina statutes and regulations, the following guidance is applicable:

> The legislative intent to grant or withhold a private right of action for violation of a statute or the failure to perform a statutory duty, is determined primarily from the language of the statute . . . . In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability.

*Id.* (quoting *Dorman v. Aiken Comm'ns, Inc.*, 398 S.E.2d 687, 689 (S.C. 1990)).

Similarly, an analysis of whether federal statutes grant a private cause of action "begin[s] with the presumption that if a statute does not expressly create a private cause of action, one does not exist." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 805 (4th Cir. 1996). "When a statute does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the special benefit of a private party." *Doe*, 645 S.E.2d at 248.

Norfolk Southern's amended complaint lists several statutes and regulations it contends are meant "to prevent the type of private property damage suffered by a class of downstream landowners to which Norfolk Southern belongs," Response at 13, including "the South Carolina Mining Act and associated regulations, South Carolina Dams and Reservoirs Safety Act and associated regulations, South Carolina Stormwater and Sediment Reduction Act and the federal Mine Safety and Health Act." Amended Complaint ¶ 114.

The South Carolina Mining Act (SCMA), S.C. Code Ann. § 48-20-10, *et seq.*, and its associated regulations, S.C. Code Ann. Reg. § 89-10, *et seq.* (SCMA Regulations), for example, provide for a private right of action. *See* SCMA § 48-20-260 ("No provisions of this chapter may restrict or impair the right of a private or public person to bring a legal or equitable action for damages or redress against nuisances or hazards.").

Moreover, Norfolk Southern has alleged it is in the class the SCMA and SCMA Regulations were designed to protect and it suffered damage they aimed to prevent, namely damage to adjoining properties. *See* SCMA Regulation § 89-140(D) ("During mining operation

9

and reclamation work, care must be taken to prevent any excessive drainage or accumulation or release of excess water that may damage the adjoining property of other owners.").

Norfolk Southern has alleged Defendants allowed excessive water accumulation that resulted in the wall's failure, which in turn caused Norfolk Southern to suffer damage to its adjacent property.

Accordingly, Norfolk Southern has stated a claim that the SCMA and SCMA Regulations give rise to a negligence *per se* cause of action in this case.  The Court will therefore deny the motion as to this claim.

### 2.     *Whether Norfolk Southern has stated a claim as to statutory strict liability*

Defendants assert Norfolk Southern's statutory strict liability claim fails because Section 49-11-10 neglects to provide for a private right of action, imposes no strict liability, fails to apply to this case, and Norfolk Southern failed to plead sufficient facts.  Norfolk Southern contends Section 49-11-10 gives rise to a statutory strict liability claim in this case, and it has pled sufficient facts at this stage.

Section 49-11-10 provides that

> No person shall be permitted or allowed to make or keep up any dam or bank to stop the course of any waters so as to overflow the lands of another person without the consent of such person first had and obtained nor shall any person be permitted or allowed to let off any reserved water to injure the crops upon the grounds of other persons.

S.C. Code Ann. § 49-11-10.

As Defendants note, courts have implicitly recognized a private right of action under Section 49-11-10 and its predecessors.  *See Cooley v. Clifton Power Corp.*, 747 F.2d 258, 261 (4th Cir. 1984) (collecting cases).  Those courts appear to have failed to directly address whether a plaintiff can bring a strict liability claim in addition to a negligence cause of action.

In *Lampley v. Atlantic Coast Line R. Co.*, 50 S.E. 773, 774 (S.C. 1905), the South Carolina Supreme Court held that the trial court erred by allowing recovery without a finding of negligence. In that case, the defendant had built a railroad that obstructed a river and resulted in an overflow. *Id.* But, the defendant in that case had acquired the right of way to build the railroad. *Id.* The South Carolina Supreme Court held this constituted consent, and thus defendants could obstruct the water course under the then-effective statute, which contained identical language to Section 49-11-10. *Id.* It determined a finding of negligence was required under those circumstances. *Id.*

The *Lampley* court's specification that a finding of negligence is required in cases where defendants procured consent implies the counterfactual: that negligence may be unrequired in cases where such consent is lacking. It appears to the Court, therefore, that South Carolina would likely recognize a strict liability cause of action under Section 49-11-10. But, the Court is unprepared to definitively resolve this issue at this juncture. It will allow the parties to readdress this issue at the summary-judgment stage.

Next, Defendants also maintain that the wall fails to constitute a dam under Section 49-11-10 and that Norfolk Southern thus failed to allege facts sufficient to amount to a violation of the statute. Norfolk Southern contends Defendants raise factual disputes inappropriate for a motion to dismiss

Section 49-11-10 neglects to include a definition of the word dam. The parties disagree over what definition should apply. Rather than delve into an analysis of this issue, however, the Court determines it is also better suited for summary judgment, when the nature of the wall and its failure can be clearly understood.

The Court will therefore deny the motion to dismiss as to Norfolk Southern's statutory strict liability cause of action.

### 3. *Whether Norfolk Southern has stated a claim as to common law strict liability, nuisance, and trespass*

Finally, Defendants also contend Norfolk Southern failed to state a claim as to its common law strict liability, nuisance, and trespass causes of action. As above, the Court determines the issues Defendants raise as to these claims are best addressed at the summary judgment stage.

Accordingly, further discussion in this order is unnecessary, and the Court will deny the motion as to these causes of action as well.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Defendants' motion to dismiss for lack of personal jurisdiction and motion to dismiss for failure to state a claim are **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of June 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE